UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION | MDL No. 2741<br><br>Case No. 16-md-02741-VC |
| This document relates to:<br><br>*Mee v. Monsanto Co.*,<br>Case No. 3:20-cv-01237-VC<br><br>*Villalobos v. Monsanto Co.*,<br>Case No. 3:24-cv-01407-VC | **ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 21239, 21245 |

The Motions for Summary Judgement in the above-captioned case are denied. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, the prior summary judgment rulings in this MDL, and the arguments made by the parties.

In *Mee*, Monsanto is wrong that Mee's deposition testimony suggesting that he did not read the entirety of the Roundup label is dispositive of his failure to warn claim. *See* Mee MSJ (Dkt. No. 21239) at 1 (explaining that Mee testified that he "glanced" at the label and that he saw everything besides the mixing directions as "blah, blah, blah"). Under Idaho law, the "adequacy of a warning under products liability is a question of fact to be left to the jury." *Bryant v Tech. Rsch. Co.*, 654 F.2d 1337, 1345 (9th Cir. 1981). Monsanto cannot overcome that presumption here because it has failed to show that no dispute of material fact exists regarding the efficacy of a different, improved Roundup warning label. The Court has previously denied other motions for summary judgment in this MDL on similar grounds. *See, e.g.*, Pretrial Order No. 274 (Dkt. No.

14622) at 1-2 (denying motion in part because plaintiff's testimony suggested "that a different label that warned more prominently of a more significant risk may have attracted his attention"). Mee testified during his deposition that he had seen the Roundup label before and read at least enough to understand the product mixing instructions. *See* Mee Dep. Tr. (Dkt. No. 21239-1) at 104:24-105:2. That is sufficient to present a material question of fact to a jury regarding whether a more pronounced warning label would have caused Mee to not use Roundup.

For similar reasons, Monsanto's Motion for Partial Summary Judgment of the failure to warn claim in *Villalobos* is denied. *See* Villalobos MSJ (Dkt. No. 21245). Villalobos testified that his employer posted Roundup safety instructions around the workplace and that his coworker gave him direct safety training on using Roundup. *See* Villalobos Opp'n (Dkt. No. 21430) at 5. Whether these third-party instructions would have been modified due to a clearer warning label, and whether Villalobos would have changed his behavior as a result, are disputed questions of fact inappropriate for resolution at this stage. *See* PTO No. 274 at 2 (denying motion in part because plaintiff's "use of Roundup in family and work settings suggests that others may have advised him of the cancer risk (and steps that could be taken to guard against it) had the risk been included on Roundup's label").

**IT IS SO ORDERED.**

Dated: January 15, 2026

_____
VINCE CHHABRIA
United States District Judge